UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
UNITED STATES MAGISTRATE JUDGE
MDD_JKBChambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950 OFFICE
(410) 962-2985 FAX

November 19, 2010

TO ALL COUNSEL OF RECORD

    Subject: *Deana L. Mills v. Michael J. Astrue, Comm'r of Social Security*
              Civil Action No.: JKB-09-1860

Dear Counsel:

    On July 15, 2009, the Plaintiff, Deana L. Mills, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Compl., ECF No. 1.) I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14 & 28.) No hearing is necessary. Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I am affirming the agency's decision, and I am writing this letter to explain my rationale.

Background

    Ms. Mills's benefits applications were based upon her claim of disability due to heart disease, chronic sinusitis, high blood pressure, uterine cyst, back pain, neck pain, pain in both knees, clinical depression, migraines, and gastric problems. (Tr. 65.) Her claim was denied initially and upon reconsideration. (Tr. 36, 37.) After receiving testimony at an administrative hearing and reviewing the medical evidence, the Administrative Law Judge ("ALJ") found that Plaintiff has severe impairments of obesity, degenerative joint disease of her left knee, and lumbar and cervical degenerative disc disease (Tr. 21), but determined that none of Ms. Mills's impairments satisfied the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 ("LOI") (Tr. 24). The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to lift and carry ten pounds frequently and twenty pounds occasionally, stand, sit, and walk six hours in an eight-hour day, and push/pull equal to lifting. (Tr. 24.) Given that this RFC described work at the light exertional level and that her prior work as a nursing assistant required medium exertion, the ALJ concluded that Ms. Mills was unable to perform her past relevant work. (Tr. 27.) However, taking into consideration her age, education, work experience, and RFC, which allowed jobs in the full range of light work, the ALJ concluded that jobs that Plaintiff can perform exist in significant numbers in the national economy and that, therefore, she is not disabled. (Tr. 28-29.) Upon the request of Plaintiff's counsel (Tr. 11), the Appeals

Council incorporated an additional medical record into the administrative file, but denied review (Tr. 7-10).[1]  Afterward, Ms. Mills filed suit for judicial review.

Plaintiff asks this Court to grant summary judgment in her favor or to remand for further proceedings.  She makes two arguments:

1. The ALJ did not give appropriate weight to a treating physician's opinion and that of the state agency consultants;

2. The ALJ failed to consider pain as a nonexertional impairment.

(Pl.'s Br. 4-6, ECF No. 14.)

Issue 1:  Weight Assigned to Opinions of Treating Physician and State Consultants

Ms. Mills claims that the ALJ committed error by giving controlling weight to opinions of consulting physicians over the opinion of her treating physician.  (Pl.'s Br. 4.)  In actuality, the ALJ gave significant weight to the consultants' opinions that Plaintiff was capable of light work, but dwelt considerably longer on the record of Dr. Baumann, a neurologist, who examined Ms. Mills. (Tr. 27.)  Dr. Bauman's examination revealed largely normal findings that he described as "unremarkable."  (*Id.*)  He recommended nerve conduction studies to corroborate the likely diagnosis of degenerative disc disease, but those produced normal results.  (*Id.*)  The ALJ contrasted the objective record evidence – physical examinations that repeatedly produced benign findings, the lack of need for anything other than very conservative care, and long periods when no treatment was necessary – with the opinion of Dr. Parmar, who completed a checklist assessment with extreme limitations, and concluded that the record does not support any of the limitations he recommended.  (*Id.*)  It is true that the ALJ erroneously stated that Plaintiff had not identified Dr. Parmar as one of her treating physicians and that Dr. Parmar did not describe the duration of his treating relationship with her,[2] but it is clear that the ALJ's analysis was based upon a weighing of the entire record and any error by the ALJ on this point does not comprise

---

[1] I note that in the letter from Paul Schlitz, Esquire, to the Appeals Council, he included the following statement:  "Please be adivsed  [sic] we live and breath [sic] federal court appeals of these sort [sic] of determinations as they generate EAJA [Equal Access to Justice Act] fees."  (Tr. 11.)  Mr. Schlitz's remark is intemperate and completely inappropriate for a member of this Court's bar.

[2] In fact, Dr. Parmar stated on the RFC assessment, dated April 20, 2007, that he had treated Ms. Mills since February 23, 2005.  (Tr. 451.)  However, it is equally true that Dr. Parmar provided only one medical record to support the existence of a treatment relationship with Plaintiff.  That one record provided the result of a cervical MRI, ordered by Dr. Parmar on April 27, 2007, which indicated degenerative disc disease at C4-C5 as it showed a central disc protrusion focally indenting the thecal sac, but also showed no significant spinal stenosis.  (Tr. 455.)  No other medical records were submitted by Plaintiff for Dr. Parmar.

reversible error. The ALJ's consideration of medical opinions comports with the governing standards. *See* 20 C.F.R. § 404.1527.

Issue 2: Consideration of Pain as a Nonexertional Impairment

Plaintiff contends the ALJ failed to consider Ms. Mills's pain as a nonexertional impairment and further contends her obesity was not properly considered. (Pl.'s Br. 5.) As the ALJ correctly noted, obesity is no longer a listing in the LOI. (Tr. 24.) However, the ALJ noted Ms. Mills had a body mass index (BMI) of 42.3 based upon her weight and height at the time of her application and such a BMI is consistent with a diagnosis of obesity by another treating physician, Dr. Greco. (Tr. 22.) Additionally, the ALJ stated,

> As indicated in SSR 02-1p, obesity may have an adverse impact upon co-existing impairments. . . . Someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation that might be expected from arthritis alone. . . . The effects of obesity have been considered in this decision, when applicable, at each step of the sequential evaluation.

(Tr. 22.) With regard to musculoskeletal impairments, the ALJ considered whether Ms. Mills satisfied LOI 1.02 (major dysfunction of a joint) and 1.04 (disorders of the spine) and determined that she did not meet either listing's criteria.

> Specifically, the claimant remains able to move through the activities of daily life with little dependence on others. She does not need an assistive device. There is no evidence of nerve root compression with radiculopathy. The claimant's straight leg raising tests are negative, seated and supine, and there is no evidence of muscle atrophy. Likewise, there is no evidence of stenosis or arachnoiditis.

(Tr. 24.) When assessing Ms. Mills's residual functional capacity, the ALJ stated that the limitations in the RFC he assigned to her "fully accommodate the claimant's mild degenerative impairments and the additional aggravating factor of her obesity by eliminating the greater exertional demands of medium and heavy work." (*Id.*)

After comparing all of the record evidence to Plaintiff's allegations of the severe pain she suffered and her inability to function in a fashion consistent with work, the ALJ determined that her statements were not entirely credible and that she is not as limited as she alleged. (Tr. 26.) Credibility choices are within Defendant's province as the finder of fact. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). The ALJ's conclusion that Ms. Mills is not disabled is supported by substantial evidence.

Conclusion

For the foregoing reasons, the Court will enter a separate order AFFIRMING the agency's decision, DENYING Plaintiff's Motion for Summary Judgment, and GRANTING Defendant's Motion for Summary Judgment.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed accordingly.

Very truly yours,

/s/

James K. Bredar
United States Magistrate Judge

JKB/jh